# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Baca,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NaphCare Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-01931-PHX-GMS (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Self-represented Plaintiff Luis Baca, who is confined in the Arizona State Prison Complex-Lewis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Upon screening, the Court ordered Defendants NaphCare, Adams, and Thomas to answer the Complaint. (Doc. 17.) In that same Order, the Court stated that Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of its Order, and noted that the United States Marshal would not provide service of process if Plaintiff failed to comply. (Doc. 17.)

The record reflecting that Plaintiff failed to return the service packet as to any of the Defendants, on August 26, 2024, the Court ordered that "Plaintiff must either return to the Clerk completed service packets for Defendants, or show cause why this matter should not be dismissed for failure to comply with the Court's Order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (Doc. 19.) To date, Plaintiff has failed to comply with

the Court's Order and the time for doing so has expired.[1] The Court, therefore, will determine whether dismissal is appropriate.

Plaintiff has the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to return service packets as ordered by the Court prevents the case from moving forward in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed (Doc. 19), but Plaintiff has not responded.

---

[1] Notably, mail sent to Plaintiff's last known address was returned to the Court as undeliverable stating that Plaintiff was released from custody. (Doc. 20.) Plaintiff has not apprised the Court of a new address as required by this Court's Local Rules and the July 15, 2024 Screening Order. (Doc. 17.)

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will recommend dismissal of this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint and this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(1), should not be filed until entry of the district court's judgment. Pursuant to 28 U.S.C. § 636(b), any party may file and serve written objections within 14 days after being served with a copy of this Report and Recommendation. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure, objections to the Report and Recommendation may not exceed ten (10) pages. If objections are not timely filed, the party's right to de novo review by the District Judge is waived. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 16th day of September, 2024.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge