IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Baca, | No. CV-23-01931-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| NaphCare Incorporated, et al., | |
| Defendants. | |

Plaintiff Luis Baca, who was previously confined in the Arizona State Prison Complex-Barchey Unit,[1] brought this civil rights action under 42 U.S.C. § 1983 against NaphCare Incorporated and Nurse Practitioners Grace Adams and Siji Thomas (Doc. 1). Before the Court is the Report and Recommendation (R&R) of Magistrate Judge Michael T. Morrissey recommending that the Court dismiss this action without prejudice based on Plaintiff's failure to prosecute (Doc. 21).[2] The Court will adopt the R&R and dismiss the action without prejudice.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d

---

[1] Plaintiff has since been released from the Arizona State Prison Complex (See Docs. 20, 22).
[2] Notably, mail sent to Plaintiff's last known address was returned to the Court as undeliverable stating that Plaintiff was released from custody (Doc. 20). Plaintiff has not apprised the Court of a new address as required by the Court's Local Rules and the July 15, 2024 Screening Order (Doc. 17).

1114, 1121 (9th Cir. 2003) (*en banc); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[f]ollowing *Reyna-Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made").

Neither party filed objections to the Court's September 16, 2024 R&R. The Court is therefore not obligated to review the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Even so, the Court has reviewed Judge Morrissey's R&R. The R&R did note that Plaintiff failed to return the service packet as to any of the Defendants. On August 26, 2024, the Court ordered that "Plaintiff must either return to the Clerk completed service packets for Defendants, or show cause why this matter should not be dismissed for failure to comply with the Court's Order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (Doc. 19). Plaintiff has failed to comply with the Court's Orders and the time for doing so has expired.

The Court therefore accepts and adopts the R&R. The action is dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

  (1) The Report and Recommendation (Doc. 21) is **adopted**, and the action is **dismissed without prejudice** for failure to prosecute and failure to comply with the Court's orders.

  (3) The Clerk of Court shall enter judgment accordingly and terminate the action.

  Dated this 16th day of December, 2024.

_____
G. Murray Snow
Senior United States District Judge